```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
'94 SOUNDS LLC,                                             :
                            Plaintiff,                      :
                                                            :
             - against -                                    :   20-CV-6288 (VSB)
                                                            :
ALEXANDER GABRIEL PEREZ and                                 :   ORDER
THEORY ENTERTAINMENT LLC d/b/a                              :
300 ENTERTAINMENT,                                          :
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Plaintiff commenced this action on August 11, 2020, by filing a Complaint. (Doc. 1 ("Compl.").) Plaintiff alleges a single count of copyright infringement against Defendants on the grounds that Defendant Alexander Gabriel Perez ("Perez") used a musical recording to which Plaintiff owned the rights (the "Work") as part of two allegedly infringing recordings of his own. (*See generally id.* ¶¶ 14–19.) Plaintiff acquired the rights to the Work under the "Buyout Agreement," (*id.* ¶ 12), which expressly acknowledges that the Work's original author "granted certain third parties non-exclusive licenses to exploit the" Work, (Zakarin Decl. Ex. D).[1] Plaintiff also allege that the Work was used without permission as part of a music video. (Compl. ¶¶ 23–25.)

Defendant Theory Entertainment LLC d/b/a 300 Entertainment ("300 Entertainment," and with Perez, "Defendants") is named in the Complaint on the grounds that it is Perez's record label, and that, with Perez's authorization, 300 Entertainment "reproduce[d], display[ed],

---

[1] "Zakarin Decl." refers to the Declaration of Donald S. Zakarin, Esq. in Support of Defendants' Motion to Dismiss, (Doc. 13), and the exhibits attached thereto.

1

publicly perform[ed,] and distribute[d] the Work" as part of the allegedly infringing recordings. (*Id.* ¶¶ 20–22.)

On October 13, 2020, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) Defendants argue that their alleged infringing use was authorized under a "License Agreement." (MTD Br. 9–12.)[2] Defendants aver that (1) the License Agreement was entered into by non-party Joseph DeRose ("DeRose"), who acts as Perez's manager, (*see id.*; DeRose Decl. ¶¶ 3–5);[3] (2) DeRose supposedly has a power of attorney to enter into certain agreements on Perez's behalf pursuant to a management agreement; and (3) through that power of attorney, Defendants' alleged acts of infringement supposedly fall within the scope of the License Agreement. (*See id.*) The License Agreement was filed with the Court, (DeRose Decl. Ex. A), but the management agreement was not, nor was any other contract that purports to extend the License Agreement to Defendants.

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020) (internal quotation marks omitted). "The existence of a license to engage in the challenged copying is an affirmative defense to a claim of copyright infringement that the alleged infringer must plead and prove." *Id.* (internal quotation marks and alteration omitted). However, "when the contested issue is the *scope* of a license, rather than the *existence* of one, the copyright owner bears the burden of proving that the defendant's copying was unauthorized under the license and the license need not be pleaded as an affirmative defense." *Id.* (internal quotation marks omitted). In scope of licensing cases, "the burden of

---

[2] "MTD Br." refers to Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint. (Doc. 14.)

[3] "DeRose Decl." refers to the Declaration of Joseph C. DeRose (Doc. 12), and the exhibits attached thereto.

demonstrating unauthorized copying" falls on the plaintiff. *Id.* at 49.

Even when it is not attached to a complaint in a copyright case, courts tend to consider license agreements at the Rule 12(b)(6) stage on the notion that a license is "'integral' to the pleading." *See Duffey v. Twentieth Century Fox Film Corp.*, 14 F. Supp. 3d 120, 124 n.1 (S.D.N.Y. 2014) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)). In these cases, the license is reasoned to be the sort of document that "contain[s] obligations upon which the plaintiff's complaint stands or falls," and if it "was not attached to the complaint" because it "would undermine the legitimacy of plaintiff's claim," neither the defendant nor the court should have to waste their time and energy litigating the existence of a license solely due to plaintiff's "clever drafting." *See Glob. Network*, 458 F.3d at 157.

At minimum, the cases that consider licenses proffered by a defendant at the motion to dismiss stage are animated by the premise that the plaintiff was reasonably aware of the license and thus "could not argue that [they] lacked notice or a chance to respond to the[] matters" they set forth. *See Duffey*, 14 F. Supp. 3d at 124 n.1.; *Sinclair v. Ziff Davis, LLC*, 454 F. Supp. 3d 342, 344–45 & n.2 (S.D.N.Y. 2020) (considering a license and documents creating a right to sublicense a copyrighted work where the documents were "publicly available online"); *PK Music Performance, Inc. v. Timberlake*, 16-CV-1215 (VSB), 2018 WL 4759737, at *2, *4–5 (S.D.N.Y. Sept. 30, 2018) (finding that license agreement was incorporated by reference into the complaint where the liner notes to the allegedly infringed recording at issue mentioned the license).

Here, while the License Agreement may properly be before me because it is incorporated into the Buyout Agreement—which is referenced in the Complaint, (Compl. ¶ 12)—I am unable to determine the legal mechanism by which the License Agreement extends to Defendants. Defendants' argument about licensing turns on DeRose's supposed power of attorney

arrangement with Perez, as the License Agreement on its face only mentions DeRose as the "Licensee." (DeRose Decl. Ex. A.) Defendants have provided no basis for me to believe that Plaintiff had "notice" that any sort of contractual or agency relationship functioned to make the License Agreement applicable to them. *Cf. Duffey*, 14 Supp. 3d at 124 n.1. With that said, if there is a power of attorney that negates the allegations of unauthorized use in Plaintiff's Complaint, then it would be a waste of judicial resources for the parties to litigate this matter. Therefore, it is hereby

ORDERED that Defendants' motion to dismiss is DENIED.

IT IS FURTHER ORDERED that within 45 days of entry of this Order, the parties are directed to meet and confer to determine if they can resolve this action without further judicial intervention. If the parties cannot reach resolution, they are encouraged to agree to a brief period of expedited discovery concerning issues related to License Agreement and the power of attorney, and within 30-days of the completion of that discovery the parties are direct to submit a joint letter concerning the status of the case, including whether or not Defendants intend to file a motion for summary judgment based upon the License Agreement and related documents.

The Clerk of Court is respectfully directed to close the open motion at docket number 11.

SO ORDERED.

Dated: March 8, 2022
      New York, New York

                                            Vernon S. Broderick
                                            United States District Judge